Milligan, J.,
delivered the opinion of the court:
On the 11th of January, I860, Andrew J. Cheritree, acting provost marshal for the sixteenth congressional district in New York, sold at public sale three bonds issued by the corporate authorities of the town of Altona, one for $400, and the other two, each for $100, dated the 20th of September, 1864, and payable March 1, 1865. The bonds were sold to the highest bidder, and purchased by the claimant at $383.
The object for which the bonds were issued was to pay bounties for the enlistment of soldiers, and to aid the town in sup plying its quota of volunteers, under the call of the President, made in July, 1864. These bonds, with others of the same character, were placed by the supervisor of the town in the hands of one Isaac G. Bates, who it appears was acting for him in getting up volunteers. Bates left the three bonds under consideration, without date or amount, in the hands of George Clenden, then acting provost marshal at Plattsburg, to be filled up and delivered to one George Brimble, who had previously volunteered and been sworn into the service. At the time of this transaction, Brimble was not present, nor is it shown that he had any knowledge of the bonds left in the office for his benefit. He was absent on leave, and the bonds were to be filled up and delivered on his return. He never did return or report for duty, and the bonds were afterward filled up with the amounts and Brimble’s name, in his absence and without his authority, or the authority of the supervisor of the town, by some one not shown in the record, and in this condition found *316 in. tbe provost marshal’s office by Gheritree, the successor to ClendeD.
Brimble failing to report himself for duty, or to call for the bonds, was treated as a deserter, and the bonds as forfeited to the United States, and advertised and sold by the provost marshal to the highest bidder, and the claimant became the purchaser at $383, which, less the sum of $10, %. e., change and auctioneer’s fees, was paid into the Treasury of the United States.
Subsequently the claimant made demand of payment, and instituted a suit against the town of Altona for the recovery of these bonds, which appears to have gone off at the cost of the claimant without a formal trial on the merits.
Under this state of facts this action was brought against the United States, to recover the price paid for the bonds now in the Treasury.
It is clear, from a careful inspection of this record and the record of the circuit court of Clinton county, in New York, where the first s.uit was instituted, that there could, on the facts before us, have been no recovery in the State court. The bonds when passed to the provost marshal were incomplete. They were payable to nobody ; nor did they contain any amount, or bear any date; nor was any one authorized to fill them up and deliver them to Brimble, except on the conditions that he returned and allowed himself to be credited as a volunteer to the town of Altona, neither of which was ever complied with. Assuming the bonds were complete in their execution, and that no objection lies to the want of authority to fill them up and to deliver them, they were at most delivered as escrotos to the provost marshal, to be delivered to Brimble on conditions which never transpired, and consequently they never became valid obligations against the town of Altona, or the lawful property of Brimble.
The record also fails to show that there was any obligation of indebtedness subsisting between the town and Brimble, whereby the former was bound to pay the latter the bonds in question, or any other amount. They were left with the provost marshal, to be ready for him on his return, “ for fear,” as the witness expresses it, if he came and found no money ready for him he would enlist for some other town. He never did return or clothe himself with the legal title to the bonds, and *317 consequently there could hare been no forfeiture to the United States.. The Government never had any title to them, and the sale was utterly without authority of law.
The sale having been conducted under the authority of the Government, and the bonds fair on their face, in the possession of its lawful agents, an implied warranty of title results, which the claimant has the right to insist on in this court. He bought in good faith and without notice of the inherent defects in the bonds, but as it turns out he tools nothing by his purchase. His money is wrongfully in the treasury, and an implied contract results, in the nature of a contract for money had and received, whereby he can, on the plainest principles of common justice, maintain this action to recover it back.
The amount paid into the Treasury we find to be $373, for which judgment will be entered.